# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 20-20V
(Unpublished)

| | |
|---|---|
| KEVIN HARRIS, | Special Master Katherine E. Oler |
| Petitioner, | |
| v. | Filed: November 10, 2022 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Petitioner's Motion for a Decision; Dismissal of Petition; Vaccine Act. |
| Respondent. | |

*Amy Senerth*, Muller Brazil, LLP, Dresher, PA, for Petitioner
*Madelyn Weeks*, U.S. Department of Justice, Washington, DC, for Respondent

## DECISION DISMISSING PETITION[1]

### I.   Procedural History

On January 8, 2020, Kevin Harris ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program,[2] alleging a left shoulder injury related to vaccine administration ("SIRVA") Table injury from the flu vaccination he received on September 11, 2018. Pet. at 1, ECF No. 1. Petitioner filed a statement of completion on January 9, 2020. ECF No. 6.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

On May 27, 2021, Respondent filed a Rule 4(c) Report stating that entitlement should be denied. Resp't's Rep. at 1, ECF No. 26.  More specifically, Respondent stated that

> Petitioner had a significant pre-vaccination orthopedic history related to his left shoulder, which is the same shoulder at issue in this claim…. SIRVA is a presumptive injury for injectable vaccines, including flu vaccine, if the first symptom or manifestation of onset of the injury occurs within forty-eight hours of an intramuscular vaccine administration. *See* 42 C.F.R. § 100.3(a)(VIII)(B). Moreover, as the Qualifications and Aids to Interpretation specify:
>
> A vaccine recipient shall be considered to have suffered SIRVA if such recipient manifests all of the following:
>
> > (i) No history of pain, inflammation or dysfunction of the affected shoulder prior to intramuscular vaccine administration that would explain the alleged signs, symptoms, examination findings, and/or diagnostic studies occurring after vaccine injection;
> > (ii) Pain occurs within the specified time-frame;
> > (iii) Pain and reduced range of motion are limited to the shoulder in which the intramuscular vaccine was administered; and
> > (iv) No other condition or abnormality is present that would explain the patient's symptoms (e.g. NCS/EMG or clinical evidence of radiculopathy, brachial neuritis, mononeuropathies, or any other neuropathy).
>
> 42 C.F.R. § 100.3(c)(10). To be eligible for compensation, the Act also requires petitioner to have "suffered the residual effects or complications of such illness, disability, injury, or condition for more than 6 months after the administration of the vaccine." 42 U.S.C. § 300aa-11(c)(1)(D)(i). Here, the evidence establishes that petitioner's shoulder pain began prior to vaccination and was attributed to weight training, and he is therefore not entitled to compensation.

*Id.* at 2, 4-5.

On December 2, 2021, Chief Special Master Corcoran issued Findings of Fact and Conclusions of Law stating that "a preponderance of the evidence supports the conclusion that Petitioner was experiencing pain in his [left] shoulder approximately one month before receiving the flu vaccine – meaning he cannot establish Table onset for his Table SIRVA claim, and therefore the Table claim must be dismissed." ECF No. 33 at 2. This case was transferred to me to afford Petitioner the opportunity to pursue a non-Table claim. ECF No. 37. Petitioner was given time to file an expert report or indicate how he would like to proceed. ECF Nos. 40-43.

Petitioner filed the instant motion to dismiss his Petition on November 10, 2022, stating

> based on CSM Corcoran's Decision dismissing his Table claim, Petitioner was unable to retain an expert to support his off-table claim. In these circumstances, to proceed further would be unreasonable, and would waste the resources of this Court, Respondent, and the Vaccine Program. Petitioner understands that a decision

dismissing his Petition will result in a judgment against him. Petitioner has been advised that such a judgment will end all of his rights in the Vaccine Program.

ECF No. 45 at 2.

## II. Conclusion

To receive compensation in the Vaccine Program, a petitioner must prove either (1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to his vaccination, or (2) that he suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). Moreover, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on his claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert. § 13(a)(1). In this case, however, there is insufficient evidence in the record for Petitioner to meet his burden of proof. Petitioner's claim therefore cannot succeed and, in accordance with his motion, must be dismissed. § 11(c)(1)(A).

As such, **IT IS ORDERED THAT**,

Petitioner's motion for a decision dismissing his petition is **GRANTED** and the petition is hereby **DISMISSED. The Clerk shall enter judgment accordingly.**

Any questions regarding this Order may be directed to my law clerk, Sydney Lee, by telephone at 202-357-6347, or by email at Sydney_Lee@cfc.uscourts.gov.

**IT IS SO ORDERED.**

<u>s/ Katherine E. Oler</u>
Katherine E. Oler
Special Master